Daniel, Judge,
 

 after stating the verdict as above, proceeded:
 

 Since hearing the arguments here, and examining the authorities cited, I am satisfied that the judgment which I gave in the court below, was erroneous.
 

 The question now to be determined is, whether the defendant
 
 McDonald,
 
 who was a constable, and the other defendants who were summoned by him, to aid him, can justify under the warrant mentioned in the case.
 

 At common law, a lawful warrant from a justice who has jurisdiction of the cause, justifies the officer who executes it, though it be irregularly issued ; but it is otherwise, when the justice who issues the warrant has not jurisdiction of the cause, (1
 
 Chitty C. L.
 
 69,
 
 Hawk P. C. Bk.
 
 2 c. 13
 
 s.
 
 10.
 
 Cum. Dig. imprisonment
 
 8, 9.) Warrants to search for stolen goods, are authorised by the principles of the common law. Without them, says
 
 Lord
 
 Hale. felons would frequently escape detection, (2
 
 Hale
 
 113.) A search warrant in this state, is to be granted only where a larceny is charged to have been committed. It is not to he granted without oath made before the justice, that a felony has been committed, and that the party complaining has probable caúselo suspect that the stolen goods are in such a place, and he should show his reasons for the suspicion, (2
 
 Hale
 
 113, 150,
 
 Chitty Crim. Law.
 
 65.) The warrant then should be directed to a constable or public officer, and not to a private person. It is fit that the party complaining should be present, and assisting, because he will he able to identify the property which he has lost, (l
 
 Hale
 
 150.)
 

 The justice who issued the warrant in this case, had jurisdiction to issue a warrant to search for stolon goods,
 
 *471
 
 and whether the facts set forth in the affidavit of the a])-plicant for the warrant, constituted a I arceny of the goods, was for his determination. If he had issued a Warrant,. w hicli professed to be an authority for the officer.to search some particular place for stolen property, then the officer would have been justified in acting under such a warrant, although in truth and fact, no larceny liad been committed. The justice is to judge and determine upon the questions of law, arising from the facts disclosed in the affidavit of the person making the application. The constable being a ministerial officer, must execute the warrant, and cannot decide whether it should have been issued on such an affidavit or not. I mean that the officer must execute, if the case was one which appeared by the warrant to be professedly within the jurisdiction of the justice. But it seems clear that a constable cannot justify an arrest, by force of a warrant from a justice,' which expressly appears on the face of it, to be for an of-fence of vdiich he has no jurisdiction, (2
 
 Hawk P. C.
 
 130
 
 Shergold
 
 v.
 
 Holloway, Strange
 
 1002.) The offence set forth on the face of this warrant, expressly appears to be of a description which a justice could not issue a search-warrant to remedy. The offence charged against the defendant, in the warrant, is that he “ tempted and persuaded his negroes, Tempi/, &c. to leave him, the said
 
 Daniel McNielL.”
 
 The offence was not a larceny, it was only made a misdemeanor by the act of 1821, (T«y.
 
 liev. c.
 
 1120.) The justice did not intend, neither did his warrant profess to have been issued, to search for stolen property. In issuing such a warrant, ho exceeded his jurisdiction, therefore it was void ; and the officer was bound to know that it was void, and would be no justification to him if he executed it. The officer is not bound to know, whether a'warrant, which upon its face was professedly -within the iurisdic- „ , ,, _ tion oí a justice, liad been issued regularly or not. But if from what is stated on the face of the warrant, it appear that the justice has exceeded his jurisdiction, the officer is bound to know that such a warrant is void and will be no justification for his acting under it j and if he
 
 *472
 
 executes it, he does so at his peril. The judgment in the Superior Court must be reversed.
 

 
 *471
 
 An officer can "ot decltle wlie; ther a warrant isissued proper-at’iu^periWe-termine whether of the matter.
 

 
 *472
 
 Pur Curiam. — Judgment reversed.